# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

ROBERT ANTHONY CELIA,

    Plaintiff,

vs.

MIKE KANE, RYAN MOORE, STEVE ZDRAZIL,

    Defendants.

No. C13-3018-MWB

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

*TABLE OF CONTENTS*

I.    *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.   *FACTUAL AND PROCEDURAL BACKGROUND.* . . . . . . . . . . . . . . . . . . **2**

III.  *APPLICABLE STANDARDS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

    A.    *Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).* . . . . . . . . . . . . . . . . . **5**

    B.    *Consideration of Materials Beyond the Pleadings..* . . . . . . . . . . . . . . **6**

    C.    *Summary Judgment under Federal Rule of Civil Procedure 56.* . . . . . . **7**

IV.  *ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

    A.    *Overview of Civil Rights Claims under 42 U.S.C. § 1983..* . . . . . . . . **9**

    B.    *The Plaintiff's Failure to Respond* . . . . . . . . . . . . . . . . . . . . . . **10**

    C.    *The Defendants' Contentions Regarding Lack of Exhaustion of Administrative Remedies ..* . . . . . . . . . . . . . . . . . . . **11**

    D.    *The Defendants' Contentions Regarding Failure to Protect from Harm Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

    E.    *The Defendants' Remaining Argument.* . . . . . . . . . . . . . . . . . . . **16**

V.   *CONCLUSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

## I. INTRODUCTION

The defendants' motion to dismiss (Doc. No. 11) has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for the filing of a report and recommended disposition. The plaintiff has not filed a resistance. The defendants did not request oral argument, and, in any event, I find that oral argument is not necessary. *See* Local Rule 7(c). The motion is fully submitted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2013, the plaintiff submitted a complaint, which the clerk's office filed on July 24, 2013. In his complaint, the plaintiff alleges that the defendants violated his constitutional rights while he was confined at the Fort Dodge Correctional Facility because they failed to protect him from another inmate who assaulted him. Specifically, the plaintiff contends that on September 26, 2012, he arrived at the Fort Dodge Correctional Facility, and, almost immediately, started receiving threats while he was in general population—Emmet Unit.

On October 15, 2012, he was placed in protective custody because staff at the Fort Dodge Correctional Facility received a kite from another inmate that indicated a threat had been made against Celia. On October 16, 2012, Celia met with the defendants and Sergeant Gonzalaz and conveyed to them that inmates had told him there was a "hit" placed on him and he should check into protective custody. When asked by Gonzalaz who was threatening him and why was he being threatened, Celia told Gonzalaz that he did not know but the individuals were part of the "frys", which is a prison gang. When again asked who exactly was causing him problems, he denied knowing who the individual was because he did not want to knowingly involve anyone else and thought the officials knew more information than he was telling them.

Given whatever information he thought the defendants knew, Celia expected to be transferred. After a few weeks, he did not get transferred and did not receive additional

2

information from either Mike Kane (Kane) or Ryan Moore (Moore) about his situation. Eventually, Kane told him that more information was needed and, in response, Celia told Kane that he was a confidential informant, provided the name of the individual that was causing him problems and expressed that he could not go to general population and needed to be transferred. After providing Kane with the name of the person, nothing happened and Celia remained in protective custody.

On November 24, 2012, Celia got into a fight with another inmate who was also in protective custody. Celia asked to move cells a total of six times. Three times he asked Kane to move cells and three other times he asked other corrections officers to move cells.

On January 22, 2013, Celia was told that he could not be transferred because he was involved in a fight and he would have to wait until May to be transferred. Aside from being told he had to wait until May, he was told that he could go to general population if he wanted. On February 5, 2013, Celia asked to move to general population. Moore, Kane and Steve Zdrazil (Zdrazil) asked why he thought it was safe to move to general population. Celia responded that he did not think it was safe and would probably be attacked or get into a fight, that he wanted to go to treatment classes so he could get paroled and that the person who he informed on was no longer at the Fort Dodge Correctional Facility. On that same date, he moved to general population—Emmet Unit.

On February 9, 2013, Celia states he was blind-sided and attacked by someone who was a member of the frys. He received nine stitches and was placed back in protective custody. He told Moore, Kane, Zdrazil and Gonzalaz that it was not safe for him in general population and he was assaulted because they refused to transfer him. On February 12, 2013, a review occurred and a transfer was granted. He was subsequently told that there were two people involved in assaulting him.

As relief, Celia requests cosmetic surgery for scar removal and compensation. On December 10, 2013, I conducted an initial review of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Before concluding that it was a close question as to whether or not

3

the plaintiff's complaint was frivolous or failed to state a claim upon which relief could be granted and ordering the defendants to respond, I stated the following:

> Read liberally, the plaintiff's complaint appears to assert a failure to protect claim. In light of the facts alleged by the plaintiff and the law, the court is doubtful that the plaintiff states a claim upon which relief can be granted. This is so because it appears that the plaintiff did not fully exhaust administrative remedies prior to commencing this action, *see* 42 U.S.C. § 1997e(a), and the facts suggest that the plaintiff told the defendants that he was generally having issues with others and had not told them that he had been threatened by a particular individual, that he elected to return to general population and that a significant amount of time passed between when he complained to the defendants and when he was assaulted, *see Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir. 1996) (finding that a prisoner failed to show that a prison official "actually knew of the risk" to the prisoner when the prisoner told the official that he received threats from his roommate because, in part, after reporting the threats, the prisoner and his roommate told the official that there would be no trouble and the two "were incarcerated together for a substantial period of time without incident").

In their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants maintain that dismissal is proper for the following reasons: (1) the plaintiff never exhausted his administrative remedies; (2) the plaintiff fails to state a failure to protect from harm claim upon which relief can be granted; and (3) in light of the alleged facts, the protection of qualified immunity applies. Alternatively, the defendants maintain that summary judgment under Federal Rule of Civil Procedure 56 is appropriate. Pointing to evidence outside the pleadings, the defendants argue that they are entitled to judgment as a matter of law because the plaintiff failed to comply with 42 U.S.C. § 1997e(a), the undisputed facts do not establish a valid failure to protect from harm claim and qualified immunity protects them from suit.

## III. APPLICABLE STANDARDS

### A. *Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff has stated a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, the court must accept all of the plaintiff's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). With respect to the facts, "'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Electric Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)); *accord Mulvenon v. Greenwood*, 643 F.3d 653, 656-57 (8th Cir. 2011); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003))).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) ("[A] complaint must

contain factual allegations sufficient 'to raise a right to relief above the speculative level . . . .'" (quoting *Bell Atl.*, 550 U.S. at 555)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### *B. Consideration of Materials Beyond the Pleadings*

Generally, a court reviewing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6) only considers the factual allegations included in the pleadings themselves and ignores materials outside the pleadings. *Porous Media Corp.*, 186 F.3d at 1079; *Riley v. St. Louis Cnty. of Mo.*, 153 F.3d 627, 629 (8th Cir. 1998). A court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. USDA*, 327 F.3d 697, 701 (8th Cir. 2003) (internal citation and quotation marks omitted). If the court accepts materials beyond the pleadings, the motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Minn. Majority v. Mansky*, 708 F.3d 1051, 1059 (8th Cir. 2013); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside of the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In the event that a motion to dismiss is converted into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The defendants attached an affidavit and other documents to their motion to dismiss and heavily rely on them when arguing that dismissal and/or judgment as a matter of law is appropriate. Additionally, the defendants anticipated that the motion to dismiss would be treated as a motion for summary judgment and adequately alerted the plaintiff that such would probably be the case. *Cf. Solomon v. Petray*, 699 F.3d 1034, 1036-37 (8th Cir. 2012); *Ashanti*, 666 F.3d at 1151; *Barron v. S.D. Bd. of Regents*, 655 F.3d 787, 792 (8th Cir. 2011); *Frazier v. Vilsack*, 419 F. App'x 686, 688-89 (8th Cir. 2011); *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787-88 (8th Cir. 2007). Because the defendants specifically requested that the court rely on Federal Rule of Civil Procedure 56 due to their inclusion of evidence outside of the pleadings and the plaintiff had sufficient opportunity to provide the court with any relevant evidence, there is no need to provide additional or formal notice to the plaintiff and a review of the record under the summary judgment standard is appropriate.

### *C. Summary Judgment under Federal Rule of Civil Procedure 56*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party." *Schilf v. Eli Lilly & Co.*, 687 F.3d 947, 948-49 (8th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Thus, "the substantive law will identify which facts are material." *Schilf*, 687 F.3d at 949 (quoting *Anderson*, 477 U.S. at 248)

7

(internal quotation mark omitted). "To establish a genuine issue of material fact, [a party] may not 'merely point to self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in [his or her] favor.'" *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013) (quoting *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005)). Typically, the moving party must support its motion by using "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials", to show that there is no genuine issue of material fact before the court. Fed. R. Civ. P. 56(c)(1)(A). Since a "'party's own testimony is often self-serving,'" all "particular factual allegations [must be] scrutinized for 'independent documentary evidence'" to be considered legally competent. *Argenyi*, 703 F.3d at 446 (citations omitted).

The court must view all "the evidence in the light most favorable to the nonmoving party and giv[e] the nonmoving party the benefit of all reasonable inferences." *Crawford v. Van Buren Cnty., Ark.*, 678 F.3d 666, 669 (8th Cir. 2012) (citing *Lewis v. Heartland Inns of Am., L.L.C.*, 591 F.3d 1033, 1035 (8th Cir. 2010)). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to deny a motion for summary judgment, "the evidence must be 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir. 2009) (quoting *Anderson*, 477 U.S. at 248 (1986).

Procedurally, "[a] movant for summary judgment . . . must identify those portions of the record which . . . demonstrate the absence of a genuine issue of material fact." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). If the moving party has

8

done so, then the nonmoving party "must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id*. at 794. (citing *Torgerson*, 643 F.3d at 1042). "Speculation and conjecture are insufficient . . . ." *Id*. (citing *Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1028 (8th Cir. 2006)). If the record, viewed as a whole, "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id*. at 792. (citing *Torgerson*, 643 F.3d at 1042). Throughout the summary judgment stage, "the court's function is not to weigh the evidence and determine the truth of the matter itself, but to determine whether there is a genuine issue for trial." *Schilf*, 687 F.3d at 949 (citing *Anderson*, 477 U.S. at 249).

## IV. ANALYSIS

### A. *Overview of Civil Rights Claims under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect

anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *The Plaintiff's Failure to Respond*

As previously stated, the plaintiff did not file a response to the defendants' motion to dismiss or, alternatively, motion for summary judgment. Nor did plaintiff request an extension of the filing deadline. That deadline expired nearly two months ago, meaning plaintiff has had ample opportunity to file some kind of response, even an untimely one. Because no response has been filed, defendants' motion may be granted without further notice. *See* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."); LR 56(c) ("If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .").

Moreover, plaintiff's failure to respond makes it appropriate to consider the merits of the defendants' motion to dismiss or, alternatively, motion for summary judgment without waiting any longer for the plaintiff to furnish evidence, citations or other reasons for denying it. *See generally Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (explaining that court must still determine that the moving

party is entitled to judgment as a matter of law even if the nonmoving party did not oppose the moving party's contentions); *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981) (requiring court to "inquire into the merits of [a motion to dismiss] and to grant or deny it, as the case may be, in accordance with the law and the relevant facts"); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion, . . . grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to relief . . . or . . . issue any other appropriate order"). Having reviewed the record, I conclude that it is appropriate to grant summary judgment in favor of the defendants for the reasons stated in the defendants' brief. The defendants adequately set forth the law and apply such law to the undisputed material facts. Given the plaintiff's failure to come forward with any evidence, the defendants are entitled to judgment as a matter of law with respect to the plaintiff's failure to protect from harm claim. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether the plaintiff exhausted his administrative remedies and whether the defendants violated the plaintiff's constitutional rights.

### C. The Defendants' Contentions Regarding Lack of Exhaustion of Administrative Remedies

[A] plaintiff must fully exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, [534 U.S. 516, 524 (2002)] (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court); *Lyon*

*v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002) (42 U.S.C. § 1997e(a) does not permit a court to consider a prisoner's subjective beliefs in determining the availability of administrative remedies). As to the defendants' contention that the plaintiff failed to exhaust the administrative remedies that were available to him, I find that it is correct. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (stating that the failure to exhaust is an affirmative defense); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (stating that a defendant has the burden of proving the failure to exhaust).

In his complaint, the plaintiff merely states that he submitted a grievance that complained about Moore and attempted to get a new counselor but it was denied. The plaintiff does not assert that he complained about Kane or Zdrazil. Further, the plaintiff fails to specify whether he complained about: having to stay in protective custody, being unable to move cells, being unable to transfer to another facility, being unable to access treatment classes for purposes of getting paroled, being put in general population or being assaulted as a result of decisions made by the defendants.

In his actual grievance, which is dated December 13, 2012, the plaintiff complained that Moore was failing to handle his responsibilities as a counselor. The plaintiff described his problem as follows:

> I've been in [protective custody] since October 15 -12. Mr. Moore and Kane are aware of the reasons why. A $100.00 hit was placed on my head by the gang "fry". The details of this situation are know[n] to Ryan Moore and Kane. I can't stay in this camp. Not safely anyways. I still have 2 classes to take. A transfer is necessary and a must for my safety and so I can do my classes.

Doc. No. 11-2 at 20. In her response dated December 19, 2012, the grievance officer informed the plaintiff that his grievance was non-grievable because a formal classification/treatment appeal process existed. The list of grievances submitted by the

plaintiff does not indicate that he ever complained about any other issues that are raised in this action. *See* Doc. No. 11-2 at 22.

Moreover, Kane's affidavit reveals that the plaintiff requested a transfer on January 22, 2013, a classification review occurred, his transfer request was denied because he had recently been in a fight and his transfer request would be reconsidered in May. Supporting documentation submitted by the defendants indicates that the plaintiff was sent to the Fort Dodge Correctional Facility from a minimum security facility in September of 2012. On October 15, 2012, the plaintiff requested to be moved to protective custody. While in protective custody, he was involved in a fight with another inmate on November 24, 2012. Celia requested a transfer on January 22, 2013. He was informed that based on his recent fight, he could not be transferred at that time, but they would reconsider a transfer in May 2013. Celia subsequently requested to be moved into general population. The classification committee asked why Celia thought it was safe to be moved now and he stated he believed the person he had problems with was no longer at Fort Dodge Correctional Facility. The classification committee approved his request on February 4, 2013.

Because the plaintiff failed to appeal the classification decision regarding his request for transfer, subsequently requested to be placed in general population and then failed to submit any additional grievances addressing his concerns about the defendants' failure to protect him, I find that the plaintiff failed to comply with 42 U.S.C. § 1997e(a). *See Kendrick v. Pope*, 671 F.3d 686, 689 (8th Cir. 2012). Thus, the defendants are entitled to judgment as a matter of law.

## D. *The Defendants' Contentions Regarding Failure to Protect from Harm Claim*[1]

Although it is true that prisoners have a right to be free from violence at the hands of other prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Latimore v. Widseth*, 7 F.3d 709, 712 (8th Cir. 1993) (holding that a plaintiff's "Eighth Amendment right . . . 'to be protected from harm by fellow inmates'" is "well established in the law" (quoting *Smith v. Marcantonio*, 910 F.2d 500, 501 (8th Cir. 1990))), not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety", *Farmer*, 511 U.S. at 834; *see also Andrews v. Siegel*, 929 F.2d 1326, 1330-31 (8th Cir. 1991) (noting that "some violence in prisons may be unavoidable due to the character of the prisoners" (quoting *Martin v. White*, 742 F.2d 469, 475 (8th Cir. 1984)) (internal quotation mark omitted)). Rather, to establish an "unconstitutional failure to protect from harm [claim], [the plaintiff] must show (1) an 'objectively, sufficiently serious' deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citation omitted) (quoting *Farmer*, 511 U.S. at 834); *accord Crow v. Montgomery*, 403 F.3d 598, 601-02 (8th Cir. 2005) (citing *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) and *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998)); *see also Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002) (discussing what must be established to succeed on a constitutional failure to protect claim); *Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996) (stating that the first requirement is intended to "ensure[] that the deprivation is sufficiently serious to amount

---

[1] Despite concluding that the plaintiff failed to comply with the requirements of 42 U.S.C. § 1997e(a) or exhaust the administrative remedies available to him, nothing prevents a review of the merits of the plaintiff's claim that a constitutional violation occurred as a result of the defendants' actions. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

to a deprivation of constitutional dimension" and the second requirement is intended to "ensure[] that 'only the unnecessary and wanton infliction of pain implicates the [Constitution]'" (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991))).

Here, it cannot be said that any "act or omission [by the named defendants resulted] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The plaintiff fails to allege that the defendants were "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed].'" *Schoelch*, 625 F.3d at 1046 (quoting *Farmer*, 511 U.S. at 837); *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (stating that a showing of deliberate indifference "mandat[es] the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety'" (quoting *Farmer*, 511 U.S. at 837)); *Pagels*, 335 F.3d at 740 (providing that a prison guard's negligence is not enough to establish reckless indifference); *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991) (stating that a plaintiff "'must show the defendant[] [was] deliberately indifferent to his constitutional rights, either because [the defendant] actually intended to deprive him of some right, or because [the defendant] acted with reckless disregard of his right to be free from violent attacks by fellow inmates'" (quoting *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984))).

The plaintiff merely asserts that the defendants knew as a general matter that an abstract threat had been made. Defendants took this threat into account when the plaintiff insisted on being moved to general population by asking why he thought it was safe. Plaintiff told them the risk for injury purportedly no longer existed because a particular inmate was no longer confined at the Fort Dodge Correctional Facility. These facts are insufficient to support the conclusion that the defendants or any other prison official acted in a deliberately indifferent manner. Thus, the defendants are entitled to judgment as a matter of law.

### E. *The Defendants' Remaining Argument*

Having concluded that the defendants are entitled to judgment as a matter of law because the record fails to establish a genuine issue of material fact with regard to whether the plaintiff exhausted his administrative remedies and whether the defendants violated the plaintiff's constitutional rights, I do not believe it is necessary to review the defendants' remaining contention that they are entitled to qualified immunity. Nonetheless, I note that qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and the record does not establish that it would have been clear to a reasonable officer that the defendants' conduct was unlawful in the situation that they confronted, *see Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001)). This is especially so because the plaintiff expressed that he did not believe anyone was a threat to his safety and the inmate who assaulted the plaintiff while he was in the multi-purpose room on Emmet Unit was from another unit within the Fort Dodge Correctional Facility.

## V. CONCLUSION

For the foregoing reasons, **I RESPECTFULLY RECOMMEND** that the defendants' motion for summary judgment be granted and judgment be entered in favor of the defendants and against the plaintiff.

The parties may file objections to this report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) within fourteen (14) days of the service of a copy of this report and recommendation, The parties must specify the parts of the report and recommendation to which objections are made. In addition, the parties must specify the parts of the record, including exhibits and transcript lines, that form the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections to the report and recommendation waives the right to de novo review by the court of any portion

of the report and recommendation and the right to appeal the findings of fact contained therein. *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**
**DATED** this 20th day of March, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE