# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT ANTHONY CELIA,<br><br>Plaintiff,<br>vs.<br><br>MIKE KANE, RYAN MOORE, and STEVE ZDRAZIL,<br><br>Defendants. | No. C 13-3018-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

_____

In this case, plaintiff Robert Anthony Celia, an inmate at the Fort Dodge Correctional Facility (FDCF) asserts a "failure to protect" claim against the defendants, officers or counselors at the FDCF, for failure to protect him from threats of harm from other inmates that he identified only as members of a prison gang. After a period in protective custody, during which Celia had repeatedly requested a transfer to another facility, Celia requested that he be returned to general population. He was returned to general population, but just a few days later, he was attacked by a member of the prison gang, but from a different unit. During that assault, Celia sustained a cut requiring nine stitches. Celia was then placed back in protective custody. He seeks cosmetic surgery for scar removal and compensation pursuant to 42 U.S.C. § 1983.

This case is before me on United States Magistrate Judge Leonard T. Strand's March 20, 2014, Report And Recommendation On Defendants' Motion To Dismiss (docket no. 15). In his Report And Recommendation, Judge Strand considered the defendants' January 7, 2014, Motion To Dismiss (docket no. 11), to which Celia had filed no resistance. Judge Strand concluded that the defendants had attached to their

Motion and had relied upon an affidavit and other documents, had anticipated that their Motion To Dismiss would be treated as a motion for summary judgment, and had adequately alerted Celia that consideration of their Motion as a motion for summary judgment would probably occur. Therefore, Judge Strand concluded that there was no need to provide further notice that he would treat the Motion as a motion for summary judgment or to provide Celia with any additional opportunity to provide the court with relevant evidence before Judge Strand reviewed the record under the summary judgment standard.

In performing that review, Judge Strand concluded that Celia had neither responded to nor requested any extension of time to respond to the defendants' Motion and that the deadline to do so had expired nearly two months earlier. Consequently, he concluded that the defendants' Motion could be granted without further notice, citing Local Rules 7 and 56(c). Furthermore, Judge Strand considered the record, and concluded that the defendants were entitled to judgment as a matter of law on Celia's claim. He concluded that Celia had not fully exhausted administrative remedies for the "failure to protect" claim that he had asserted against the defendants, as required by 42 U.S.C. § 1997e(a), before commencing this action. Turning to the merits, anyway, Judge Strand concluded that Celia had failed to plead or point to facts sufficient to support his claim that the defendants or any other prison official acted in a deliberately indifferent manner to his request for protection from fellow inmates. Because Judge Strand had rejected Celia's claim on the merits, Judge Strand found it unnecessary to address the defendants' claim of qualified immunity, as an alternate ground for judgment in their favor. Nevertheless, he observed that the record did not establish that it would have been clear to a reasonable officer that the defendants' conduct was unlawful in the situation that they confronted. Consequently, Judge Strand recommended that the defendants'

Motion be granted and that summary judgment be entered in favor of the defendants and against Celia.

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed."). Nevertheless, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made

3

under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I find no clear error in Judge Strand's recommendation. *Grinder*, 73 F.3d at 795 (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor*, 910 F.2d at 520 (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Notwithstanding the lack of any resistance to the defendants' Motion To Dismiss, and after properly concluding that the Motion could be considered under summary judgment standards without further notice to Celia, Judge Strand considered the merits of the defendants'

4

assertions that Celia had not exhausted administrative remedies, that he had not identified sufficient evidence to generate a question of fact on his "failure to protect" claim, and that the record did not generate a question on the defendants' "qualified immunity" to Celia's claim. I find no clear error in Judge Strand's recommended disposition of any of these issues. Consequently, I accept Judge Strand's recommendation to grant the defendants' January 7, 2014, Motion To Dismiss (docket no. 11), treated as a motion for summary judgment. *See* 28 U.S.C. § 636(b)(1) (2006) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

THEREFORE,

1. I **accept** Judge Strand's March 20, 2014, Report And Recommendation On Defendants' Motion To Dismiss (docket no. 15);

2. I **grant** the defendants' January 7, 2014, Motion To Dismiss (docket no. 11), treated as a motion for summary judgment; and

3. I **direct** the Clerk of Court to enter summary judgment in favor of the defendants and against plaintiff Celia accordingly.

**IT IS SO ORDERED**.

**DATED** this 21st day of April, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA